Parker, C. J.
A justice of the peace has no right to take a recognizance, except under the statutes giving that magistrate jurisdiction. The general power of justices in criminal cases is defined in the statute of 1783, c. 50.
They are to punish by fine all assaults and batteries, that are not of a high and aggravated nature ; to cause to be stayed and arrested all affrayers, rioters, disturbers and breakers of the peace; and to bind them by recognizance, &c. They are to examine into all homicides, murders, treasons and felonies, done and committed in their counties, and commit to prison, &c. And to hold to bail all persons guilty or suspected to be guilty of lesser offences, not cog nizable by them ; and they are to take cognizance of, or examine into, all other crimes, matters and offences, which by particular statutes are put within their jurisdiction.
The general authority given by this statute does not extend to the case before us ; for although the words are general, the manifest intention of the legislature was, to provide the means of securing for trial persons who were charged with crimes.
The attorney-general has contended that, as they have power to hold to bail those who are guilty, as well as those who are suspected to be guilty, the case of a person escaped * lies [ * SOO j within their jurisdiction. But if the sense is not to be restricted, then a justice of the peace would have a right to bail after trial and conviction, although the convict had not escaped, but was in prison; which would be absurd. The words, “ guilty or suspected to be guilty,” as used in the statute, are equivalent to accused or charged with crime ; perhaps meaning to cover the case of a party confessing himself guilty before the justice; in which case he must hold the party to recognize, if he has no authority to *170 punish. There is no particular statute, giving the authority con-.ended for in the present case.
The Court, before which the conviction was had, alone has jurisdiction over the person. If he escape after conviction and before sentence, a warrant should go from that Court. If, as in the case before us, the party has fled into another state, and is brought back on application of the executive, he is to be lodged in prison, and there remain, until he receive sentence; unless he be admitted to bail on habeas corpus, by'one of the justices of the Supreme Judicial Court.

Declaration adjudged bad.