## COMMONWEALTH *versus* DAVID CANADA.

A justice of the peace has no authority to admit to bail a prisoner committed by another justice of the peace, for a bailable offence, and a recognisance taken in such a case is void.

Whether the same justice of the peace who has made the commitment, is authorized to admit the prisoner to bail, *quære*.

SCIRE facias, in which the commonwealth claim judgment for the sum of 200 dollars on the defendant's recognisance, taken before a justice of the peace, and in which it is alleged, that the defendant became bail for James Esty, and forfeited his recognisance by the avoidance of the principal.

The defendant pleaded a special plea in bar, to which the commonwealth demurred generally.

The facts as they are thus presented on the record are, that Esty, the principal, was brought before a justice of the peace for the county of Franklin, upon a charge of felony in stealing a watch from the complainant's dwellinghouse, that on his examination he was ordered to recognise with surety for his appearance before the Supreme Judicial Court, that for want of bail he was committed to prison, until he should comply with the order to recognise or otherwise be dis-

charged in due course of law, and that he was subsequently <span style="float:right">Commonwealth</span>
let to bail by another justice of the peace for the same <span style="float:right">wealth<br>v.</span>
county, by the recognisance which is the subject of this <span style="float:right">Canada.</span>
suit.

*Austin*, attorney-general, argued that a justice of the peace <span style="float:right">*Sept.* 28*th*</span>
was authorized by *St.* 1783, *c.* 51, to take a recognisance
under the circumstances of this case ; that this authority was
not taken away by *St.* 1812, *c.* 30 ; which he said was
cumulative and was intended to provide for a different class
of cases ; and that after a commitment by one justice of
the peace for a bailable offence, any other justice of the
peace for the county might lawfully admit the prisoner to
bail.

*H. G. Newcomb*, for the defendant, denied these positions,
and relied on the statutes above referred to. He also cited
1 Chit. Crim. Law, (Peters's edit.) 75, note ; Davis's
Justice, 166 ; *Commonwealth* v. *Ward*, 4 Mass. R. 497 ;
*Commonwealth* v. *Messenger*, ibid. 463 ; *Commonwealth* v.
*Loveridge*, 11 Mass. R. 337 ; *Vose* v. *Deane*, 7 Mass. R.
280 ; *Commonwealth* v. *Otis*, 16 Mass. R. 198.

SHAW C. J. afterward drew up the opinion of the Court.
This is a writ of *scire facias* by the commonwealth, in which
they claim judgment for the sum of two hundred dollars, on
the defendant's recognisance taken before a justice of the
peace in this county, in which, as they allege, he became
bail for one Esty, and forfeited his recognisance, by the
avoidance of the principal. The circumstances, under which
Esty was let to bail, are set out at length in the defendant's
plea in bar, to which the commonwealth have put in a general demurrer. The facts, as they are thus presented on
the record are, that Esty the principal was brought before
a magistrate of this county upon a charge of felony in stealing a watch from the complainant's dwellinghouse, that on
examination he was ordered to recognise for his appearance
at court, that for want of bail he was committed to prison,
that he was subsequently let to bail by another magistrate,
by the recognisance, which is the subject of this suit.

A recognisance, although the conusor acknowledges himself to be indebted to the commonwealth, imposes no legal

obligation unless it is taken conformably to law, and the question, therefore, is, whether the magistrate had any authority to admit the prisoner to bail, and if he had not, the recognisance is void.

The authority of justices of the peace to admit to bail is given by statute, and its extent and limits are to be sought for in the statutes. *Commonwealth* v. *Loveridge*, 11 Mass. R. 337 , *Commonwealth* v. *Otis*, 16 Mass. R. 198. It was argued in behalf of the commonwealth, that this power is to be found in *St.* 1783, *c.* 51, § 1. This statute, in enumerating some of the powers of justices, provides that they shall examine into all homicides &c., and commit to prison all persons guilty or suspected of manslaughter, murder, treason or other capital offence. And to hold to bail all persons, guilty &c. of lesser offences not cognizable by a justice.

This clause, if it stood alone, and were to be construed literally, would seem to convey the requisite authority ; but we think, taken in its connexion with other statutes, it will not bear this construction.

The general purpose of the section was, first, to give authority and jurisdiction to justices of the peace to punish certain small offences ; and in regard to others, they are to examine, and commit to prison in all capital cases, and hold to bail in all lesser offences, of which they have not jurisdiction to hear and determine. The authority is thus limited to the cases, where they themselves examine, and as incident to that authority, and does not extend to cases of persons committed to prison by other magistrates or courts. Were it otherwise, and upon the literal construction contended for, as was said in the case of *Commonwealth* v. *Otis*, the authority of one justice of the peace would extend to all persons, convicted or otherwise, committed by order of any court ; which can hardly be contended for.

By *St.* 1784, *c.* 72, § 5, the general *habeas corpus* act, it is provided, that upon a return of a writ of *habeas corpus* before the Supreme Judicial Court or a judge thereof, when it appears that the person is committed for an offence bailable by law, the court or judge shall bail him, by recognising

him with sureties to appear before the court having cognizance of the offence. By a later statute, (*St.* 1812, *c.* 30,) the same authority is extended so as to form an easy and practicable method of admitting prisoners to bail, and it is entitled, " An act respecting bailable offences." It provides that any one or more of the justices of the Court of Common Pleas, or any two justices of the peace and of the quorum for any county, on application of any person in gaol for a bailable offence, or for not finding sureties on recognisance, may proceed to inquire into the same and admit any such person to bail, and for this purpose shall have and exercise the same power concurrently, which any one or more of the justices of the Supreme Judicial Court may or can do, any law, usage or custom to the contrary notwithstanding.

This statute provides for the precise case, of a person standing committed on a bailable offence; and it would have been absurd to pass an act to give this authority to two justices of the peace and quorum, if, before the passing of the act, each of them, and every other justice of the county, whether of the quorum or not, had the same power. Besides, the reference to the justices of the Supreme Judicial Court renders it manifest, that the legislature intended to extend it to the Court of Common Pleas and to a tribunal composed of two justices of the quorum, a power which before that time was deemed vested in the justices of the Supreme Judicial Court only.

Whether the same justice, who committed the prisoner for want of bail, may afterwards admit him to bail, it is not necessary now to decide. There are some reasons of propriety in favor of it, not applicable to another magistrate ; he knows more fully the nature of the charge against the prisoner, and the weight and strength of the evidence, and can better judge of the amount, in which bail ought to be taken. This consideration alone, however, could not change the construction of the statute. But upon the statute it is to be considered, that the magistrate committing, had jurisdiction under the complaint and warrant, of the person and subject matter, and at the time of commitment had full au-

Common-<br>wealth<br>*v.*<br>Canada.

8 *

thority to let the person to bail, and he is then committed for want of sureties. Perhaps it may not be deemed an unreasonable construction, to consider this order of commitment as provisional, namely, until he can find sureties, to consider the process as continuing for that purpose, and that the prisoner comes again before the magistrate to comply with an order previously made, admitting the party to bail, and which, at the time, the magistrate had full authority to make. The case at least would stand upon different grounds from the one before us. In this case, the Court are all of opinion, that the justice of the peace, who took the recognisance, had no authority to let to bail a prisoner committed by another magistrate, that the recognisance was void, and that the defendant is entitled to judgment.