SUPRREME COURT.    Albany General Term, January, 1848
*Harris, Watson* and *Parker*, Justices.

## THE PEOPLE *vs.* FRANKLIN GRAHAM.

A recognizance taken in a court of Oyer and Terminer, for the appearance of
a prisoner at a court of General Sessions, to answer to a pending indictment
must be entered in the minutes of the court, or it will be void.

Such entry must contain all the substantial parts of the recognizance, such as
the acknowledgment of indebtedness, the offence charged and the condition
&c.; a mere memorandum that a recognizance in a certain sum was taken
is not sufficient.

What was said between the clerk and the bail, on the taking of a recognizance,
can not be proved by the certificate of the clerk.

This was an action of debt on a recognizance, tried at the
Schoharie circuit, before PARKER, circuit judge, in May, 1846.

The plaintiffs alleged in the declaration, that on the 23d day of
October, 1844, the defendant appeared before the court of Oyer
and Terminer of the county of Schoharie, and acknowledged
himself to be indebted to the people of the state of New York
in the sum of four hundred dollars, to be well and truly paid,
if default should be made in a certain condition, &c., that if one
Robert Streeter should personally appear at the next court of
general sessions of the peace, to be held in and for the said
county of Schoharie, then and there to answer to an indictment
preferred against him the said Robert Streeter, for grand lar-
ceny, and to do and receive what should by the court be then
and there enjoined upon him, the said Robert Streeter, and
should not depart the court without leave, then the said
recognizance should be void, &c.   It was then alleged that the
said Streeter did not appear at said court of general sessions,
but upon being duly called made default, and that the recogni-
zance was declared forfeited by an order of the court, &c. &c.

The defendant pleaded *nul tiel record*

At the trial, the plaintiffs, to maintain the issue on their part,
introduced as evidence an exemplified copy of the record of the

minutes of the Oyer and Terminer of Schoharie county, and also an exemplified copy of the record of the minutes of the court of general sessions, which copies are as follows:

" At a court of Oyer and Terminer, held in and for the county of Schoharie, at the court house, in the town of Schoharie, on Tuesday the 22nd day of October, 1844:

Present—His Honor Amasa J. Parker, circuit judge; Charles Goodyear, Martinus Mattice, John Westover, Jonas Krum, Robert Eldridge, *judges.*

*The People* v. *Robert Streeter.*—Indicted for grand larceny. Defendant arraigned, and pleaded not guilty.

The court assign R. R. Menzie as counsel for defendant.

Court adjourned till 8 o'clock to-morrow morning.

Wednesday, October 23rd, 1844. Court met pursuant to adjournment.

Present—His Honor Amasa J. Parker, circuit judge; Charles Goodyear, Martinus Mattice, Jonas Krum, John Westover, Robert Eldridge, judges.

*The People* v. *Robert Streeter.*—Grand larceny.

Indictment continued to next February sessions.

Principal recognized to appear in sum of $400. Franklin Graham bail for his appearance, do. $400. Which recognizance was taken in the following words: You, Robert Streeter and Franklin Graham, acknowledge yourselves to be severally indebted to the people of the state of New York, each in the sum of four hundred dollars, to be well and truly paid, if default be made in the condition following: The condition of this recognizance is, that if you, Robert Streeter, shall personally appear and remain at the next court of general sessions of the peace, to be held in and for the county of Schoharie, to answei to an indictment against you for grand larceny, and shall then and there do and receive what may be enjoined on you by the court, and shall not depart the court without leave, then this

recognizance shall be void, otherwise of force.   Are you, and each of you, therewith content?

*Schoharie County, Clerk's Office, ss.*—I, Thos. McArthur, clerk of said county, do hereby certify that I have compared the preceding copy of the minutes of the court with the original, and that it is a correct transcript therefrom (with the addition of the recognizances being fully expressed in the copy) and of the whole of such original minutes, so far as relates to Robert Streeter.

   Witness my hand and official seal, the 16th day of
L. S.  May, 1846.
          THOS. McARTHUR, Clerk.

At a court of general sessions of the peace, held in and for the county of Schoharie, at the court house, in the town of Schoharie, on Friday the seventh day of February, A. D., 1845:

Present—His Honor Charles Goodyear, first judge; John Westover, Robert Eldridge, Jonas Krum, Martinus Mattice, judges.

*The People* v. *Robert Streeter.*—Grand larceny.

The defendant having been duly called, and not appearing, and Franklin Graham, bail for the appearance of the said defendant at this court, having been duly called to produce said Robert Streeter, and he not being produced—Ordered, on motion of Thos. Lawyer, district attorney, *pro. tem.,* that the recognizance in this cause be estreated.

*Schoharie County, Clerk's Office, ss.*—I, Thomas McArthur, clerk of said county, do certify that I have compared the preceding copy with the original minutes of the court, and that it is a correct transcript therefrom and of the whole of such original, so far as relates to said Robert Streeter.

   Witness my hand and official seal, the 16th day of
L. S.  May, 1846.
          THOS. McARTHUR, Clerk.

The counsel for the defendant objected to the introduction of the certificates upon the following grounds:

1. It did not appear that a recognizance roll had been made, before the commencement of the suit.

2. It did not appear that any recognizance was entered or any record of a recognizance made and filed.

3. That there was a variance between the declaration and proof—that the declaration does not aver that any order was made transmitting the recognizance from the oyer and terminer to the general sessions.

The court admitted the testimony; to which decision the defendant excepted; and the testimony being here closed on both sides, the judge directed a verdict for the plaintiff, subject to the opinion of the supreme court; and the jury accordingly found a verdict for the plaintiffs for the debt claimed, subject to the opinion of the supreme court.

*R. R. Menzie,* for defendant.

*Point 1st.* The plaintiff should have been nonsuited on the trial on the ground that no legal or binding recognizance was entered into by defendant as required by statute, and that no recognizance roll had been made and filed. All the recognizances required or authorized to be taken in any criminal proceeding in open court, by any court of record, must be entered on the minutes of such court, and the substance thereof read to the person recognized. All other recognizances in any criminal matter or proceeding, or in any proceeding under the law respecting the internal police of this state, must be in writing and subscribed by the parties to be bound thereby. (2 R. S. 746, § 24.) A mere entry in the minutes of the court not containing an acknowledgment of indebtedness to the people of this state, does not amount to a recognizance. (*The People* v. *Rundle,* 6 *Hill,* 506; 17 *Wend.* 252; 4 *ib.* 387.)

*Point 2nd.* The suit was improperly brought. The district attorney was not authorized to sue; no order to prosecute was entered; this appears affirmatively from the plaintiff's evidence.

The People *v*. Graham.

Whenever any recognizance is directed by law to be estreated, such estreat shall be made by the entry of an order directing the same to be prosecuted, and the same shall be prosecuted as herein directed. (2 *R. S.* 486, § 31.) It is provided, (2 *R. S.* 485, § 29) that whenever any recognizance to the people of this state shall have become forfeited, the district attorney of the county in which such recognizance was taken, shall prosecute the same by action of debt for the penalty thereof, and the pleadings and proceedings shall be the same in all respects as in personal actions for the recovery of any debt, except that it shall not be necessary to allege or prove any damages by reason of a breach of the condition of such recognizance; but on such breach being found or confessed, or upon a judgment by default, the judgment shall be for the penalty of the recognizance. It is conceded that it is not necessary to aver in the declaration that an order was entered to prosecute. (*The People* v. *Blankman*, 17 *W. R.* 252.) But the defendant is at liberty to insist upon the argument that no order to prosecute was entered, although the objection was not taken at the trial. The defect could not have been obviated, if made at the trial. On a case made, if it appear that the plaintiff ought not to have recovered on an objection which, if it had been specifically taken at the trial, could not have been obviated, the verdict will be set aside. (*Rich* v. *Penfield*, 1 *W. R.* 380; *Lawrence* v *Borke*, 5 *W. R.* 301.)

*Point 3rd.* The indictment being found on the pretended recognizance taken in the court of oyer and terminer, the general sessions had no jurisdiction of the matter, without an order being entered in the court of Oyer and Terminer. The declaration does not aver that an order was made sending the indictment and recognizance to the sessions. In this there is a material variance. The court of Oyer and Terminer may, by an order in their minutes, send indictments to the general sessions (2 *R. S.* 205, § 31). The whole of the evidence offered on the trial ought to have been disregarded—the minutes of the court are not properly certified. It appears from the certificate

of the clerk, that the copy contains more than the original; see 2 *R. S.* 403, § 59, as to the form of such certificate. (7 *Hill*, 42, 4 *Wend. R.* 387.)

*P. S. Danforth* (district attorney), for the people.

I. The recognizance declared upon was a record in the minutes of the court of Oyer and Terminer of Schoharie county (2 *Rev. Stat.* 624, § 24, 2d ed.; 2 *Bouvier's Law Dictionary*, 413), as to the form of a recognizance.

II. The statute does not authorize the making of a recognizance roll, but directs in what manner the recognizance is to be taken and how it is to be prosecuted. (2 *R. S.* 398, § 29, 4 *Wend.* 387.)

III. There is no variance between the declaration and proof, nor is it necessary or proper to aver that an order was made transmitting the recognizance from the Oyer and Terminer to the general sessions. (17 *Wend. R.* 252).

*Per Curiam.* The statute requires (2 *R. S.* 746, § 24) all recognizances authorized to be taken in any criminal proceedings, in open court, by any court of record, to be entered in the minutes of such court, and the substance thereof to be read to the party recognized. That requirement was wholly disregarded in this case. No part of the substance of the recognizance was entered in the minutes of the court: there was entered only a memorandum of the fact that a recognizance was taken. It does not help the matter that the clerk certifies he addressed the defendant in appropriate words, in taking the recognizance. The failure to comply with the statutory requirement can not be supplied by any thing that was said at the time between the clerk and the defendant. All that was then said is improperly inserted in the certificate, and could not be proved by it. The clerk can only certify what appears of record.

All the substantial parts of the recognizance, such as the acknowledgment of indebtedness, the indictment against Streeter and the offence charged, the condition, &c., should

have been entered in the minutes of the court (*The People* v. *Rundle, 6 Hill,* 506).

No legal recognizance having been taken, judgment must be given for the defendant.

Judgment for the defendant.

---

SUPREME COURT.  Albany General Term, May, 1848.  *Harris, Parker* and *Watson* Justices.