Solomon v. The People.

---

JOEL SOLOMON, Appellant, *v.* THE PEOPLE, Appellees.

APPEAL FROM FULTON.

A recognizance taken before an officer not having judicial power, is without any binding force.

THIS case was heard before WILKINSON, Judge, at January term, 1853, of the Fulton Circuit Court.

BROWNING & BUSHNELL, for appellant.

W. C. GOUDY, State's Attorney, for appellees.

Solomon *v.* The People.

TREAT, C. J. In August, 1851, Holden was examined before the president of the town of Canton, on a charge of larceny, and was required to give security in the sum of $300 for his appearance in the circuit court, or stand committed. He failed to give the security, and was committed to jail. In October, he, with Solomon as surety, acknowledged a recognizance before the circuit judge, in the penalty of $300, conditioned for his appearance to answer the charge, and was thereupon released from custody. In November, an indictment for larceny was found against him, and the recognizance was declared forfeited. A *scire facias* was afterwards issued upon the recognizance, and a judgment was entered against Solomon for the amount thereof.

The people were not entitled to judgment on the recognizance. According to the decision of this court in the case of The People *v.* Maynard, 14 Ill. 419, the president of the town of Canton possessed no judicial power. He had no authority to investigate the charge against Holden, and require him to give security for his appearance in the circuit court, or commit him to jail in default of giving security. He had no jurisdiction of the case. Holden was therefore illegally restrained of his liberty. It follows that the recognizance entered into, to procure his release, was without any binding force. It was an involuntary obligation, taken without authority of law, and cannot be enforced. It is the duty of a magistrate committing a person to jail on a criminal charge, to indorse on the warrant in what sum bail may be given ; and a judge, or two justices of the peace, may take such bail from the accused, and discharge him from imprisonment. R. S. ch. 30, s. 206. In such case, there is no inquiry into the truth of the charge, by the judge or justices. Their duty is simply to take a recognizance in the amount indorsed on the warrant of commitment, and discharge the prisoner. They proceed on the ground that the charge has been duly preferred and established. The circuit judge acted under this provision, in taking the recognizance in question. He made no inquiry respecting the truth of the charge, or the validity of the previous proceedings. If Holden had been brought before him on *habeas corpus,* the result of his action in the case might have been different. It might then have been his duty to inquire into the facts of the case, and either remand the accused into the custody of the sheriff, or take a recognizance for his appearance to answer the charge. R. S. ch. 48, s. 3.

The judgment must be reversed.

*Judgment reversed.*