RADCLIFFE MORROW V. THE STATE OF KANSAS.

*Error from Miami County.*

1. RECOGNIZANCE BEFORE A CLERK.—An instrument in writing, in the form of a recognizance in a criminal proceeding, but which was taken before the clerk of the district court, acknowledged before him, and approved by him is void—said clerk having no authority in the premises.

2. ACTION: EVIDENCE.—In an action on such instrument, it is error for the district court to permit the same to be introduced in evidence, whatever the other evidence in the case may have been.[*]

The following is a copy of the obligation entered into by the defendant in the criminal case in the court below:

"Be it remembered, that on the 1st day of April, A. D. 1869, Radcliffe Morrow personally appeared before me, a clerk of the district court in and for Miami county, and State of Kansas, and acknowledged himself to owe the State of Kansas the sum of $800, to be levied of his goods and chattels, lands and tenements and hereditaments if default be made in the following conditions, to-wit: The conditions of this recognizance is such that if the above named Ratcliffe Morrow shall be and appear

---

*1. DEFINITIONS.—Recognizance, an obligation of record entered into before some court or officer duly authorized for that purpose with condition to do some particular act.

2. RECORD.—A recognizance taken before an officer without authority—as the clerk of the district court—cannot become a part of the record.

3. JURISDICTION: DISTRICT COURT.—The district court cannot give its clerk authority to take recognizances in criminal cases. They must be taken in open court.

before the district court of the State of Kansas, in the 10th judicial district of Miami county, on the first day of the term thereof, next to be holden in and for said county, to answer to a charge of grand larceny, as set forth in information number one, on file in said court, and abide the judgment of said court and not depart without leave, then this recognizance shall be void— otherwise it shall remain in full force and virtue."

Other facts appear in the opinion of the court.

*R. W. Massey*, for plaintiff in error.

*E. F. Smith and W. R. Wagstaff*, for defendant in error.

*Massey, for plaintiff*, submitted:

1. The recognizance involved in this case was void, the clerk before whom it was taken and approved having no power to take the same. The power inherent in criminal courts to take recognizances cannot be delegated. The recognizance must show on its face that it was taken in open court. Even a judge at chambers has no power to take recognizances. *State of Ohio v. Clarke*, 15 *Ohio*, 595; *Powell v. State of Ohio, id.*, 579.

2. A recognizance under the laws of Kansas must be strictly construed. *Sherman v. State of Kansas*, 4 *Kas.*, 510. See, also, *Ohio v. West*, 3 *O. St.*, 509.

3. Nothing can be presumed against the recognizor; he makes his own record against himself in the bond he signs; it cannot be added to by parol testimony. *State of Ohio v. Crippen*, 1 *O. St.*, 399.

4. The record fails to show that Morrow was in the custody of the law or under obligation to give a recognizance. *Gen. Stat.*, 844, § 154.

*Smith and Wagstaff, for defendant*, contended:

1. The record shows that the recognizances were

taken in term time and in open court.   Whatever was done by the clerk will be presumed to have been the action of the court.   *Bodine v. Com.*, 24 *Penn.*, 69.

2.   A recognizance taken in open court is evidence of itself that it was taken by order of the court.   *Chamasero v. The People*, 18 *Ill.*, 405;  *Broom's Max.*, 636, 637.

3.   Under section one hundred and fifty-four [*Gen. Stat.*, 844] it is sufficient if the recognizance shows that the sureties undertook that the defendant should appear for trial.   The fact of an offense having been committed, its nature, and that defendant was in legal custody, may be shown by any competent evidence as well as by the recognizance, but the recognizance in the case contains a sufficient showing.   *See Gen. Stat.*, 844, § 154.

*By the Court,* VALENTINE, J.

This action was originally brought in the district court of Miami county, by the county attorney in the name of the State of Kansas, and against the plaintiff in error, Ratcliffe Morrow, on two certain instruments in writing, claimed to be recognizances in a criminal proceeding.

The only question in the case, is whether these instruments in writing are in law recognizances.

They were taken by the clerk of the district court, acknowledged before him, and approved by him.

During the progress of the trial in the court below, the county attorney introduced them in evidence over and against the objections of the defendant below, and here the defendant claims the court erred in permitting such instruments to be introduced as evidence.

None of the other evidence in the case is brought to this court.

RECOGNIZANCES:
in Criminal
Cases.

We do not think that these instruments are legally recognizances. A recognizance is an obligation *of record* entered into before some court or officer *duly authorized for that purpose,* with condition to do some particular act. 2 *Bouv. L. Dic.,* 428; 2 *Bl. Com.,* 341; 1 *Chitty Cr. L.,* 90; 1 *O. St.,* 399; 2 *Tidd's Pr.,* 1,083; 4 *Denio,* 534.

It is admitted by counsel for the defendant in error, that the clerk of the district court has no authority to take or approve recognizances, and therefore it must be held that these supposed recognizances are void. 11 *Iowa,* 273; 7 *Pick.,* 233; 7 *Mass.,* 280; 16 *Mass.,* 198; 9 *Metc.,* 407; 15 *Ill.,* 291.

RECORD:
Evidence.

They cannot of course become any part of the record, and cannot therefore be sued on, or be used as evidence. 4 *Gray,* 445; 1 *Park. Cr.,* 141; 4 *id.,* 45; 4 *Denio,* 534; 9 *Johns.,* 287; 4 *Wend.,* 393; 10 *id.,* 472; 4 *Mass.,* 643.

CLERK OF DIS-
trict Courts.

It may be urged that there was evidence showing that the court deputized the clerk to take these recognizances, but this the court could not do. It may also be urged that they were taken in open court, but that would not make them any better, as they were not taken by the court. It is true that the clerk may do all the work in taking a recognizance, but it must be done in open court, under the court, by order of the court, and in the name of the court; and when the instrument itself shows that it was not so taken, it is void. We will suppose that the order of the court of April 13th, 1869, entered at the November term of the court, 1869, *nunc pro tunc,* was introduced in evidence; and we will also suppose that all other evidence of the plaintiff below, that would benefit the plaintiff any, was introduced in evidence, and still, we cannot imagine a case

which would make these two supposed recognizances legal evidence. The judgment of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.

All the justices concurring.