(No. 36145.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND H. HALL, Plaintiff in Error.

*Opinion filed January 23, 1962.*

ROBERT D. GOLDSTINE, of Summit, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, Raymond Hall, together with one Elliott Lewis, was indicted in the criminal court of Cook County for the crime of unlawfully selling narcotic drugs. Lewis was tried by jury and found guilty. At the conclusion of the jury trial, Hall, who had waived his right to a jury trial, stipulated that the evidence which had been heard by the jury in Lewis's case, could be considered by the court as the evidence in his case. The court then entered a finding and judgment of guilty. The case is now here on a writ of error.

The sole contention advanced by the defendant is that the evidence was insufficient to establish his guilt beyond a reasonable doubt. The principal witness for the State was one William Dantzler, a narcotics addict. He testified that on the day in question, he was searched by police officers and after the search was given three $1 bills, the serial numbers of which were recorded by the police. He then drove with the police officers to the vicinity of a certain restaurant. The officers parked around the corner from the restaurant and Dantzler got out of the car, met the defendant in an alley near the restaurant, and gave him the three $1 bills. Dantzler and the defendant then proceeded to the restaurant and met Lewis. Dantzler testified that the defendant told Lewis to give Dantzler "one of them bags." Lewis then walked over to a telephone booth where he stayed for a short time and then came back and sat down at the counter next to the defendant. He put a small package on the counter and passed it over to the defendant who passed it down the counter to Dantzler. Dantzler then went out of the restaurant and met the police officers and handed them the package which he had received from Lewis and the defendant. He gave the officers a description of Lewis and the defendant and the officers went into the restaurant and placed them under arrest. When they searched Lewis they

found the three $1 bills in his pocket together with some other money. It was stipulated at the trial that the package which Dantzler had received contained heroin. The police officers confirmed Dantzler's testimony as to the money which they had given him and testified that when Lewis was arrested he had this money in his possession.

For the defense, Lewis testified that at the time in question he was in the restaurant having his dinner. He testified that he did not even see Dantzler in the restaurant and testified that he didn't see the defendant in the restaurant until the police came in and placed the two men under arrest. He admitted that the police officers found the three $1 bills in his pocket, but testified that he had no knowledge of how these bills got there. He denied that he took any money from either Dantzler or the defendant and denied selling any narcotics. Lewis admitted that he had previously been convicted of the crime of burglary.

The defendant testified that he was in the restaurant at the time in question, but said that he had come into the restaurant alone. He testified that on the evening in question he had seen Dantzler in the vicinity of the restaurant. He testified that Dantzler first told him that he was looking for someone he could buy narcotics from and the defendant told Dantzler that he did not know of any place where he could buy any narcotics. The defendant testified that after this first conversation with Dantzler he went to a tavern where he bought some narcotics. As he was coming out of the tavern he again met Dantzler but told him that he didn't have time to talk to him since he was going home to use the narcotics. The defendant testified that he saw Dantzler a third time on this same evening after the defendant had gone home and used the narcotics. At that time he asked Dantzler whether he had taken care of his business and Dantzler told him that he had. The defendant testified that Dantzler never came into the restaurant and never gave him any money.

The waitress at the restaurant testified that she saw Lewis and the defendant at the restaurant on the evening in question and testified that the defendant came into the restaurant by himself. She testified that Lewis never left his seat at the counter to go to the telephone booth and testified that Dantzler never came into the restaurant.

The conviction of the defendant must stand or fall upon the testimony of Dantzler. We have heretofore held that the testimony of a narcotics addict must be scrutinized with caution, but we have likewise held that the credibility of an addict is a matter to be determined by the trial court and have held that the testimony of a narcotics addict is sufficient to sustain a conviction. (*People* v. *Villalobos,* 20 Ill.2d 315.) Here the testimony of Dantzler, if believed by the trial judge, was sufficient to establish beyond a reasonable doubt that the defendant, acting in concert with Lewis, sold narcotics to Dantzler. Dantzler's testimony was corroborated by the fact that the money which the police had given to Dantzler was found in the possession of Lewis. Lewis was unable to explain how he came into possession of this money. We are of the opinion that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt, and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*