(No. 36118.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CONRAD SMITH, Plaintiff in Error.

*Opinion filed March 23, 1962.*

EDWARD R. LEV, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Conrad Smith and Roy Johnson were tried before a judge of the criminal court of Cook County upon an indictment charging armed robbery. At the close of the State's evidence, Johnson's motion for a finding of not guilty was allowed. The trial continued as to Smith, and at its conclusion he was found guilty and sentenced to the penitentiary for a term of not less than five nor more than ten years. He brings this writ of error to review his conviction.

The sufficiency of the evidence to establish his guilt is not challenged. Ben E. Kallaway, driver of a delivery truck for a meat packing company, was robbed at about 2:30 P.M. on March 11, 1957. The robber jumped into Kallaway's truck, stuck a revolver in his ribs, and forced him to drive into an alley and to give up about $150 in currency as well as checks in an unspecified amount. The robber remained in the truck from 3 to 5 minutes. At a police show-up on the evening of Smith's arrest, and again at the trial, Kallaway positively identified Smith as the man who had robbed him.

Smith's codefendant, Roy Johnson, had a revolver in his possession when he was arrested, and the problems in the case center around two out-of-court statements made by Johnson, both of them to the effect that he had loaned the revolver to Smith on the date of the robbery. In his closing argument the prosecutor referred to the fact that such a statement had been made, and it is asserted that the trial judge erred, first in failing to sustain an objection to this argument, and second in relying on Johnson's statement in reaching his conclusion that Smith was guilty.

Kallaway, and a police officer who participated in the arrest of Johnson and the subsequent arrest of Smith, were the witnesses for the prosecution. Each of them testified to a statement made by Johnson. The police officer testified that when Johnson was arrested he was questioned with respect to this robbery, and the officer was asked what Johnson had said. Smith's attorney objected on the ground that Johnson's statement was not admissible against Smith. The objection was sustained, and the testimony was ruled admissible against Johnson but not against Smith. The officer then testified that Johnson said that the revolver was used by Conrad Smith in a robbery that took place in the vicinity of the Kallaway robbery.

Kallaway testified that he identified the defendant Smith from a line-up of ten colored men, and that Smith "denied the accusation." He also testified that both Smith and Johnson were present in the line-up when the police officers interrogated Johnson. The following then occurred:

"Q. What did the defendant Johnson say?

A. He said he had borrowed the gun to Conrad Smith.

Q. Did Smith say anything at that time?

A. Nothing, I mean he denied the accusation."

In his closing argument, the prosecutor mentioned, as a corroborating circumstance, "for what it is worth Johnson did make a statement that he turned [the revolver] over to

the defendant Smith." This was objected to, and the objection was overruled.

The objection was based upon the ground that the testimony as to Johnson's statements had been excluded and so could not be considered in determining Smith's guilt. This was true as to the statement made by Johnson to the police officer at the time of his arrest. It was not true as to the statement Johnson made during the line-up. Smith was present when that statement was made, and whether it qualified as an implied or adoptive admission depended upon Smith's response to it. Kallaway's answer to the question as to what Smith said was ambiguous: "Nothing, I mean he denied the accusation." It could have meant that Smith denied Johnson's statement, in which case there was no implied admission. On the other hand, it could have meant that while Smith had denied the robbery, he made no response to Johnson's statement.

It seems clear that the latter interpretation was adopted by the defendant at the trial. There was neither objection nor motion to strike. Moreover, on cross-examination of Kallaway, defendant's counsel repeatedly returned to the conversation between Johnson and the police officers at the line-up. He insisted that the witness state what gun it was that they were talking about, and he finally elicited the answer that they were talking about the gun Smith used in the Kallaway robbery. Under these circumstances it was not error for the prosecutor to refer to Johnson's statement, or for the trial judge to consider it in reaching his decision.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*