(No. 36129.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL COLLINS, Plaintiff in Error.

*Opinion filed September 28, 1962.*

WILLIAM A. BLACK, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Daniel Collins, was indicted in the

criminal court of Cook County on four separate charges of unlawful sale of narcotics. The cases involved the same witnesses and were consolidated for trial. The trial was without a jury, and the defendant was found guilty on each indictment and sentenced to a term of 10 to 12 years, the sentences to run concurrently. Defendant brings this writ of error.

The defendant contends that the evidence did not show that the substance which he allegedly sold was actually a narcotic drug, and that the chain of custody of the substance was not established.

The facts are that a Federal narcotics agent, George E. Payne, on four separate occasions during the month of January, 1958, purchased white powder from the defendant and paid him money. On each occasion the Federal agent made a field test and thereafter submitted the substance to a United States chemist for analysis. In each instance the field test and the analysis disclosed that the substance was heroin, and the report of the chemist was placed in the record by stipulation.

The defendant was arrested after the last transaction on January 27, 1958, and taken to the Federal Narcotics Bureau where in the presence of another agent, Casey, he admitted four sales of narcotics to Payne. The following day defendant admitted to officer John McDermott of the Chicago Police Narcotics Division, in the presence of Payne, that he had made the four sales.

The defendant testified that he is a narcotic addict; that he met Payne for the first time around the third week of December at 15 W. 26th Place, Chicago. He testified that he obtained a quarter ounce of heroin and split it among four people: Payne, one Mary Lou, one Darrow and himself; that he administered a shot to Payne in his left arm. He testified that the next time he saw Payne was on January 4, and that he obtained narcotics for Payne and delivered it to him; that he saw Payne on January 15,

and that he again obtained some drugs for Payne in exchange for money and that the last time he saw Payne he bought "four bags" but delivered three to Payne, keeping one for himself. Nevertheless he testified that he never sold Payne any drugs and he never made any money out of the transaction by which he obtained drugs for Payne. Payne denied that he used narcotics.

In view of the testimony as to the two oral confessions of the defendant, and indeed in view of his own testimony, there can be no doubt that Collins actually sold narcotics. It is no defense that he did not make any money out of the transactions and acted as an agent. This court held in the case of *People* v. *Shannon,* 15 Ill.2d 494, that the act of a person whether as agent either for the seller or the purchaser or as a go-between in such a transaction constitutes a sale.

Defendant contends that the agent's testimony as to the "field test" was inadmissible because there was no showing as to what the test was or the qualifications of the agent to make the test. The record discloses that there was no objection by the defendant to the testimony of the agent concerning field tests nor was there any interrogation concerning the nature of the test. There being no objection at the trial to the testimony of the agent concerning the field test, the agent's testimony cannot be attacked on review, and the said objection is deemed waived.

Defendant's next contention is that there was no proof of a continuous chain of custody of the packages from the defendant to the chemist who analyzed them. As to each individual charge of selling narcotics, the packages involved in each sale were admitted in evidence without objection and the defendant stipulated to the analysis of the United States chemist relating to each occasion. Defendant states that the stipulation did not cover anything beyond the content of the report of the United States chemist which was, in each instance, read into the record. It is contended

that the stipulation did not cover the factual question of whether or not the powder obtained from the defendant was given to the chemist-analyst by Payne or that such powder was heroin. However, the agent, in testifying as to each occasion involved, testified that he secured the exhibits (packages) in question from the defendant and delivered them to the chemist, John W. Fonner, for analysis. The deficiencies in the stipulation as to proof of a continuous chain of custody of the packages were supplied by the agent. More precise proof of the chain from the defendant to the chemist is not required. In *People* v. *Judkins,* 10 Ill.2d 445, at 448 this court said: "A rule that required not only that continuity of possession be established, but also that there be positive identification by everyone concerned, would impose an unnecessary burden, while it would not assure a fairer trial to the accused." Here it has been sufficiently established that the powder obtained from defendant was given to the chemist, analyzed by him, and contained heroin. *People* v. *Polk,* 19 Ill.2d 310.

The record clearly discloses that the defendant was proved guilty beyond a reasonable doubt of the unlawful sale of narcotics. Accordingly, the judgment of the criminal court of Cook County will be affirmed.

*Judgment affirmed.*