(No. 35827.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED T. NORMAN, Plaintiff in Error.

*Opinion filed May 27, 1963.*

COGHLAN, COGHLAN AND JOYCE, of Chicago, (JAMES L. COGHLAN, of counsel,) appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Fred T. Norman and Alonzo Hampton

were indicted in Cook County for the unlawful sale of narcotics. Hampton and Norman were jointly tried before a jury which found both defendants guilty, and both were sentenced to the Illinois State Penitentiary for a term of not less than 15 nor more than 20 years. The conviction of Alonzo Hampton was affirmed by this court in *People* v. *Hampton,* 24 Ill.2d 558. The defendant Fred T. Norman prosecutes this writ of error to review his conviction.

The defendant contends that the trial court committed reversible error in admitting evidence that the co-defendant had, while in police custody, accused the defendant Norman of committing the crime in question. Defendant alleges that there was no proof that the defendant had heard the accusation and no showing what response was made by the defendant to the accusation. The accusation was admitted into evidence to show an implied admission of guilt on the part of the defendant in his failure to make a denial of the accusation. The defendant asserts that the State failed to establish any foundation for the admission of the accusatory statement, and it was, therefore, hearsay.

The rule is well settled that where a person is accused in the presence of others and the tendency of a reasonable man would be to deny the accusation, the silence of the accused is admissible as an implication of guilt because it gives rise to an inference of the truth of the accusation. (*People* v. *Smith,* 24 Ill.2d 210; *People* v. *Homer,* 8 Ill.2d 268; *People* v. *Lehne,* 359 Ill. 631; *People* v. *Andrae,* 305 Ill. 530; *People* v. *Pulaski,* 15 Ill. 291.) The disputed evidence was first introduced during the testimony of officer Harvey who testified that he was with Hampton and officer Paschal and while officer Parker, defendant Norman and another man approached, Hampton pointed to Norman and said, "That's the guy who sold the narcotics."

This testimony was admitted over the objection that defendants had not been served with notice of any statements at the arraignment. Officer Parker then testified that

as he approached officer Harvey and Hampton with defendant Norman, Hampton pointed to Norman with his finger and said, "This is the man that gave me the money." The testimony was objected to on the same grounds. Officer Paschal also testified that there was a conversation concerning the sale of narcotics in the presence of Norman, Hampton, Parker and Harvey. Thereafter defendant's attorney sought to prove that the State had not presented any statement at arraignment.

It is clear that the objections made to evidence of the accusatory statement in the trial court were not proper. There was no written or oral confession requiring notice to the defendant in this case. The defendant has abandoned his objection raised in the trial court, and now claims that there was insufficient proof that Hampton's accusation was made in the presence of the defendant. Since no proper objection was made to the testimony in the trial court, the admission of the testimony is not now subject to review. *People* v. *Collins,* 25 Ill.2d 302, 304; *People* v. *Washington,* 23 Ill.2d 546, 548.

Defendant next contends that the prosecutor made certain improper and prejudicial remarks in closing argument which deprived the defendant of a fair and impartial trial. Defendant maintains that repetitious statements of counsel for the People that the testimony of the State's witnesses was "uncontradicted" served to call the attention of the jury to the fact that the defendant had declined to testify, and that such conduct was a violation of section 6 of division XIII of the Criminal Code. Ill. Rev. Stat. 1961, chap. 38, par. 734.

It is provided by statute that the neglect of a defendant to testify shall create no prejudice against him and it is further provided that no reference or comment shall be made upon the defendant's neglect to testify. (Ill. Rev. Stat. 1961, chap. 38, par. 734.) In a number of cases we have reversed judgments of conviction where the prose-

cutor has directly or indirectly referred to the defendant's failure to testify. *People* v. *Cheney*, 405 Ill. 258; *People* v. *Annis*, 261 Ill. 157; *Quinn* v. *People*, 123 Ill. 333.

This court has held that a prosecutor could properly call the attention of the jury to the fact that the State's evidence was uncontradicted even though the circumstances were such that the defendant was the only person who could have denied the People's evidence. (*People* v. *Keagle*, 7 Ill.2d 408; *People* v. *Novak*, 370 Ill. 220; *People* v. *Birger*, 329 Ill. 352.) Although the prosecutor emphasized the uncontradicted character of the People's case, there was no evidence whatever presented by the defense, and statements pointing out the fact that the People's case was uncontradicted are not a reference to the failure of the defendant to testify within the meaning of this statute. Furthermore, these statements were not objected to by the defendant at the time of the trial.

Other points concerning the prosecutor's comments raised by the defendant were previously ruled upon by this court in the review of the conviction of Norman's co-defendant, Alonzo Hampton, in which no error was found to be present in the final argument. *People* v. *Alonzo Hampton*, 24 Ill.2d 558.

Finally, the defendant contends that the uncorroborated testimony of a convicted "felon narcotic addict-informer" is insufficient to support a conviction for unlawful sale of narcotics. We do not share the defendant's opinion that the testimony of the informer was uncorroborated. From the record it appears that Steve Spaulding was arrested June 29, 1959, for loitering. He accompanied Chicago police officers to the vicinity of a tavern at 217 East 35th Street in Chicago. After being searched, he was given six one-dollar bills, the serial numbers of which were recorded. According to Spaulding's testimony he entered the tavern and spoke to the defendant, Fred T. Norman, about the purchase of narcotics, whereupon Norman ac-

cepted three of the marked bills, handed them to Alonzo Hampton who was standing nearby, and received from Hampton a small white package which was handed to Spaulding. After the purchase Hampton and Spaulding left the tavern. Hampton proceeded to a nearby barbershop and was arrested and the marked bills were recovered from his possession, which bills were presented in evidence. The package given to Spaulding was tested and revealed to be narcotics. The defendant Norman was arrested in the tavern by the police and brought into the presence of the co-defendant Hampton who pointed to Norman and said, "That's the guy who sold the narcotics."

The testimony of a single witness to an unlawful sale of narcotics, if positive and the witness credible, is sufficient to convict. (*People* v. *Guido,* 25 Ill.2d 204.) We have repeatedly held this to be the rule even where such testimony is contradicted by the accused, as is not the case here. (*People* v. *Guido,* 25 Ill.2d 204; *People* v. *Pride,* 16 Ill.2d 82; *People* v. *Renallo,* 410 Ill. 372.) The identification of Norman was positive. The testimony of Spaulding was corroborated by that of the arresting officers. A conviction of a sale of narcotics under similar circumstances was affirmed by this court in *People* v. *Hall,* 23 Ill.2d 579. Although the testimony of a narcotics addict must be scrutinized with caution, his testimony may be sufficient to sustain a conviction if credible under the surrounding circumstances. According to Spaulding's testimony, he had previously used narcotics for the last time in September, 1953, six years prior to this incident. During cross-examination of one of the officers, defense counsel attempted to convey the impression that Spaulding had an ulterior motive in co-operating with the police. Thereafter in answer to redirect examination, the officer testified that Spaulding had stated he was acting as an informer because he was sorry he had become a narcotics addict, that subsequently his two brothers had become ad-

dicts, and that if there was anything he could do to help wipe out the evil he would be willing to do it. Under the circumstances it is our opinion that the evidence of guilt beyond a reasonable doubt has been established and we see no basis for disturbing the finding of the jury.

For the reasons stated, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*