The People of the State of Illinois, Plaintiff-Appellee, v. Thomas Lemon, Defendant-Appellant.

Gen. No. 50,536.

First District, Third Division.

May 12, 1966.

Richard Owen Young, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Thomas Lemon was found guilty in a nonjury trial of the unlawful sale of narcotic drugs and, after a hearing in aggravation and mitigation, was sentenced to the penitentiary for a term of ten to twelve years. He appeals contending that there is a reasonable doubt of his guilt.

On October 15, 1964, Chicago police officers Nadile, Craig and Sullivan arranged with Roy Carter to take part in a controlled purchase of narcotics. He was searched and no money or narcotics were found on his person. After making a telephone call he told the officers that he needed $44. The money was drawn from the contingency fund at the Central Police Station and the serial numbers on the money were recorded. Carter was searched again and then given the prerecorded money. All four proceeded in an unmarked squad car to the vicinity of 16th Street and Keeler Avenue in Chicago.

Carter left the car and stood at the corner of the two streets. The car was parked facing south on Keeler in the middle of the block north of 16th Street. Carter was under police observation at all times.

Carter had been waiting about five minutes when the defendant Lemon drove up and told Carter to meet him at 16th and Tripp, a block to the west. Lemon drove off. Carter returned to the squad car and, following the officers' direction, walked west on 16th Street toward the meeting place. The three policemen immediately drove south on Keeler, turned west into an alley just south of 16th Street and parallel to it and continued west to the parking lot of a supermarket on 16th at Tripp. From their parking place they could look north across 16th toward a garage on the northwest corner of 16th and Tripp. Officer Nadile went into the supermarket and watched the garage from there. They saw Carter coming along 16th Street and approach the garage; Lemon was standing in the doorway. The time which had elapsed between Lemon's leaving 16th and Keeler and when they saw him again was not more than three minutes. Carter had been out of their sight even a shorter time. They could see the car Lemon had been driving in the garage.

Craig and Sullivan observed Carter and the defendant meet inside the doorway of the garage where they held a brief conversation and exchanged some items hand to hand. Carter then moved out of the doorway and took off his hat. This was the prearranged signal at which the officers moved in and arrested Lemon. They searched him and found the currency which had been initially given to Carter; on Carter they found a tinfoil package containing white powder which they field-tested. They put the package into an envelope, sealed it and delivered it to a police department chemist, who later determined the substance to be heroin.

The defendant did not testify in his own behalf. His sole witness was the owner of the garage on whose premises the sale took place. The owner testified that he had seen the defendant "on and off" before the day of the arrest and that on that day the defendant had been in the garage for about ten minutes and his car had been there about an hour prior to the arrest. He said the car had been pushed into the garage and that the battery had been charged which took half an hour to 45 minutes. He also testified that the defendant paid him $2 for his services and that the police took the $2 from him saying that the money was marked.

The defendant points out inconsistencies in the testimony of the prosecuting witnesses and discrepancies between the testimony of the police officers and a police report made by them. These relate to whether the informer was searched before or after he made his telephone call [presumably to Lemon] ; as to how and when the prerecorded money was obtained; as to whether the defendant was walking or driving; whether the sale took place inside or outside the garage; whether officer Craig was sitting in or standing at the side of the squad car when Carter and Lemon met the second time; whether the officers had a clear view of the defendant at either 16th and Keeler or 16th and Tripp; as to the exact hour when the offense occurred, and as to the correct name of the informer who was called Jones in the police report. The defendant also points to the fact that the informer was not under continuous surveillance by the police officers and that while the informer and the policemen testified that all of the money was recovered from the defendant, the garage owner testified that $2 was in his possession.

There were variations in the testimony but they were inconsequential. The effect of the minor testimo-

nial discrepancies upon the credibility of the witnesses was a matter for the trial's court's determination. People v. Morgan, 28 Ill2d 55, 190 NE2d 755 (1963). The essential elements of the crime charged were clearly established and Lemon's guilt was proved beyond a reasonable doubt.

The defendant also argues that the testimony of the informer is incredible because he was a narcotics addict and had used narcotics on the day of the arrest and on the day he testified. He further argues that Carter's version of the events differed from the other witnesses so as to be almost uncorroborated.

 The testimony of an informer and a narcotics user must be carefully considered and closely scrutinized. In this case all precautions were taken to make sure that no external factors would operate on the informer to cause him to do anything other than as instructed. The surveillance kept of him was adequate. The testimony of the informer was believable and was sufficiently corroborated by the other witnesses and evidence. We repeat what this court said in People v. Martin, 63 Ill App2d 492, 211 NE2d 753 (1965):

> "The fact that a witness is a narcotics addict and a police informer has a definite bearing upon his credibility as a witness and, while he is not placed by his participation in the sale in the position of an accomplice, the situation is sufficiently similar to that of an accomplice to warrant close scrutiny of his testimony. . . . These factors, however, affect his credibility but they do not necessarily render it unworthy of belief. . . . Likewise, the quality and quantity of the evidence supporting his testimony affect his credibility. The test is whether, under all the surrounding circumstances, the testi-

mony of the informer is believable. People v. Norman, 28 Ill2d 77, 190 NE2d 819."

The conviction is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.