**People of the State of Illinois, Plaintiff-Appellee,
v. James Lee Archibald, Defendant-Appellant.**

Gen. No. 70–22.

Fifth District.

September 30, 1970.

 

Lance Callis, of Granite City, for appellant.

William J. Scott, Attorney General of State of Illinois and Thomas J. Immel, Assistant Attorney General, of Chicago (R. W. Griffith, State's Attorney of Madison County, of Edwardsville, of counsel), for appellee.

PER CURIAM.

Defendant James Lee Archibald appeals from a judgment of conviction of armed robbery, and a sentence of five to ten years in the penitentiary after a jury trial.

Near midnight on November 25, 1968, Michael Duckett and Rudy Tipton, both army personnel stationed at the Granite City Army Engineer Depot were robbed at gunpoint. Duckett and Tipton went to a tavern known as the Eldorado Lounge that night in Venice, Illinois, where they met a person identified as Calvin Hall. They all left the Eldorado and went to an establishment known as Eddie's Lounge near Madison, Illinois. After having a few drinks there, Hall asked them if they could drive a friend of his home. The whole party went outside where Duckett and Tipton were introduced to James Archibald. Duckett shook hands with him, and all four got into Duckett's car and drove away. Archibald's instructions led them into a residential neighborhood where he told Duckett to stop the car and produced a gun. Duckett and Tipton were then relieved of their valuables, including the car, and told to start

running. They ran to the home of a Mr. Jones, where they called the police.

Later, when Duckett recovered his car, he discovered that his engraved bowling ball was missing. Mrs. Isolda Masters, the proprietress of the Tri City Pawn Shop in Madison, testified that on November 26, 1968, Archibald entered her shop and pawned a bowling ball upon which was engraved the name "Mike Duckett." Archibald signed the pawn ticket.

When Archibald was arrested, Tipton's driver's license and Duckett's military I. D. card were found in his wallet.

At the trial, both Tipton and Duckett identified James Archibald as one of their armed assailants.

Appellant first contends that the trial court erred in excluding from evidence a letter from Calvin Hall, dated January 20, 1969, which he claims contains statements exculpating him and against the penal interest of Hall.

At the close of the State's evidence, appellant's attorney offered into evidence on behalf of appellant, the following letter:

"Jan. 20, 1969

"To the Judge of Madison County:

"I am Calvin J. Hall and I wish to state that James Archibald did not commit the offense of Armed Robbery on Dec. 2nd. This James Archibald was not in the vicinity at that time. I meet him later that night, and I meet Sgt. Norris of Madison Police Dept. He told me that Police Chief need to see me. I sold him a bowling ball that Mr. Archibald is accused of stealing.

(signed) : Calvin J. Hall"

Upon objection by the State, the trial judge asked defense counsel if Hall was available and the defense attorney replied, "Not to my knowledge." The trial judge then sustained the objection.

█ █ It is the rule in every jurisdiction that before evidence of this kind should be admitted, it must first be shown that the declarant is unavailable to testify by reason of death, illness, insanity, or that he is out of the state. Wigmore, Vol 5, § 1456, p 260. This rule has been expanded somewhat in some jurisdictions to include unavailability because of the assertion of a constitutional right. For example, in People v. Brown, 26 NY2d 88, 257 NE2d 16, the court said, "The rule in New York should be modernized to hold that an admission against penal interest will be received where material and where the person making the admission is dead, beyond the jurisdiction, and thus not available; or where he is in court and refuses to testify as to the fact of the admission on the ground of self incrimination." Since no attempt was made to show that Hall was unavailable to testify for any of the foregoing reasons, the trial court properly sustained the objection to the Hall letter.

█ Appellant also urges that the State's closing argument was so seriously prejudicial as to prevent the appellant from receiving a fair trial. He argues that the prosecution's assertion that the State's evidence was uncontradicted constituted an improper comment on the failure of the defendant to testify. This argument has been held proper in People v. Norman, 28 Ill2d 77, 190 NE2d 819; People v. Jones, 33 Ill2d 357, 211 NE2d 261.

█ He also urges that the State committed reversible error when the prosecutor told the jury that the defendant was a very identifiable person. Defense counsel had argued that the State's identification evidence was inadequate. By way of answer the prosecutor asked the jury to look at defendant and said, "He is a very identifiable person." We see nothing improper in this statement.

We wish to thank appointed counsel for writing an excellent brief on all aspects of this case.

403

For the foregoing reasons the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.