(No. 36210.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALONZO HAMPTON, Plaintiff in Error.

*Opinion filed May 25, 1962.*

ROBERT H. JOYCE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

After a jury trial in the criminal court of Cook County, the defendant, Alonzo Hampton, was convicted of unlawfully possessing and selling narcotic drugs and sentenced to the penitentiary for a term of not less than 15 nor more than 20 years. He prosecutes this writ of error contending that the evidence was insufficient to sustain his conviction, that the prosecution improperly examined one of its witnesses, and that the prosecuting attorney employed inflammatory language in his closing argument.

On June 29, 1959, Steve Spaulding, who had previously been arrested for loitering, accompanied police officers Lee Harvey, James Parker and Clemie Paschal to the vicinity of a tavern at 217 E. 35th Street in Chicago, where, after being searched, he was given six one-dollar bills, the serial numbers of which were recorded. According to Spaulding's testimony, he entered the tavern and spoke with one Fred Norman about the purchase of narcotics whereupon Norman accepted three of the one-dollar bills, handed them to defendant who was standing nearby, and received from defendant a small white package which he, in turn, handed to Spaulding. As defendant left the tavern and proceeded to a nearby barbershop, Spaulding followed him to the

street, delivered the package to Officer Parker and pointed out defendant as the seller.

Officer Harvey testified that, upon being advised of defendant's complicity, he went into the barbershop and arrived just as the defendant handed the barber a dollar bill and was holding two similar bills in his hand. The officer confiscated the money and a comparison with the list of recorded serial numbers revealed that the bills were included in those given to Spaulding to make the purchase. A short time later, when defendant and Fred Norman were brought together, defendant pointed to Norman and said: "That's the guy who sold the narcotics. I didn't sell the stuff to your man."

Officer Parker also described the events leading to defendant's arrest and the latter's identification of Norman as the man who had given him the money, while the other officer, Clemie Paschal, corroborated Harvey's testimony concerning the recovery of the three one-dollar bills at the barbershop. It was stipulated that the package delivered to Spaulding contained heroin. No evidence was offered on behalf of the defendant.

In support of his claim that the evidence is insufficient to support the finding of guilt, defendant contends there is no proof that the three one-dollar bills admitted into evidence were in fact the ones used to purchase the narcotics, and suggests that the three bills might well have been the other bills originally given to Spaulding by the police. Defendant fails to recognize, however, that Officer Harvey categorically identified the bills introduced in evidence as those taken from defendant in the barbershop. Although a juror did note that one of the bills introduced did not match the serial numbers recorded by the police, both the money and the serial number notations were admitted into evidence and it was for the jury to assess the officer's credibility. In our opinion the evidence of guilt was over-whelming and

we see no basis for disturbing the finding of the jury to that effect.

During the cross-examination of Officer Harvey, defense counsel conveyed to the jury by innuendo that Spaulding had an ulterior motive in cooperating with the police. Thereafter, in answer to redirect examination, the officer testified that Spaulding had stated he was acting as an informer because he was sorry that he and his two brothers had become narcotics addicts and wanted to do something about wiping out the evil. We find no error in permitting such testimony. By making the first inquiry along such lines, defendant invited the further interrogation of the witness by the prosecution and is now in no position to complain of the result. *People* v. *Halteman,* 10 Ill.2d 74; *People* v. *Niksic,* 385 Ill. 479.

Complaint is also made that prejudicial error occurred when, in his closing argument to the jury, the prosecutor reflected upon the insidious nature of the narcotics traffic, exhorted the conviction of defendant and explained that Spaulding had been held in protective custody to guard against any possible attempt on his life. We do not find, however, that the argument exceeded permissible bounds. Although it is improper for a prosecutor to make statements solely to inflame the passions of the jury or develop the prejudice of the jury, he may nevertheless argue the evil results of crime, urge the fearless administration of the law and denounce the accused's wickedness if such comments are based upon facts appearing in the record or may be fairly inferred therefrom. (*People* v. *Lopez,* 10 Ill.2d 237; *People* v. *Lindsay,* 412 Ill. 472.) And while under other circumstances it would have been highly improper to suggest that a prosecution witness had been held in custody to protect his life, the fact that Spaulding was kept in protective custody prior to trial was injected into the case by the defense on cross-examination. It thus became a proper

subject for argument by the prosecution. *People* v. *Halteman,* 10 Ill.2d 74.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*