## People of the State of Illinois, Plaintiff-Appellee, v. Belton Bills, Defendant-Appellant.

### Gen. No. 50,650.

First District, Third Division.

June 15, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Eldridge Hersey, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a conviction of unlawful possession of narcotic drugs. Defendant was tried and convicted by a jury, and was thereafter sentenced to not less than four nor more than eight years in the penitentiary.

Defendant contends on appeal that: (1) his constitutional rights were violated when the court denied his motion to suppress evidence; (2) it was prejudicial error for the court to allow the police officer to relate his conversation with an undisclosed informer; (3) defendant was unlawfully and prejudicially denied a hearing on his motion for substitution of judge, and (4) the State did not prove beyond a reasonable doubt the identification of the defendant with or the continuity of possession of the narcotic drug.

According to the testimony at the hearing on the motion to suppress, defendant spent the evening of July 8, 1964, and the early morning of July 9, 1964, visiting a friend at the DuSable Hotel in Chicago. About 1:30 a. m. he left the apartment to purchase liquor. Defendant testified that about 2:00 a. m. he was on his way back to the hotel with the liquor he had bought. While crossing a parking lot he was stopped, arrested and searched by two policemen. Heroin was found on defendant's person.

One of the arresting officers testified that about 2:00 a. m. on July 9, 1964, he had a conversation with a special police employee who told him Belton Bills was going after some stuff (meaning narcotics) and would be back in the area within an hour. The "area" was specified to mean 39th and Cottage Grove Avenue, a known narcotic hangout. According to the officer's testimony, the special employee described how defendant was dressed. However, he waited with the policeman until Bills appeared, so as to point him out. Bills was arrested about 3:00 a. m. The officer stated that he had used the informer four times prior to the instant arrest and three times thereafter. When asked if the former

331

information received was reliable he said it was. Asked if the cases had gone to completion, he responded, "Yes."

Before the trial defendant submitted a motion to suppress the evidence obtained in the search after the arrest, on the ground that the arrest was not based upon reasonable grounds and was therefore a violation of his constitutional rights. The informer's name was not disclosed. The court ruled the informer's tip was reliable saying, "I believe he has established the reliability of the informer. He has used him seven times. He has had convictions."

Defendant first contends that his constitutional rights were violated when the court erred by denying his motion to suppress evidence. He argues that the motion to suppress should have been allowed because the State failed to prove that the arresting officer acted on reasonable grounds, and therefore the evidence was obtained pursuant to an illegal arrest and search. The question is an evidentiary one rather than one of a constitutional nature. The Supreme Court of the United States, in McCray v. Illinois, No. 159, October Term, 1966, 386 US 300, 35 Law Week 4261, discussed the informer privilege and reasoned that a judge ruling on a motion to suppress is in a position similar to that of a magistrate determining if reasonable grounds have been shown for the issuance of a warrant for arrest. Whether the testimony will sustain a finding of probable cause is an evidentiary question and the standards thereof fall within the province of the given State. In deciding that the Constitution did not require the State to abandon the informer's privilege, the court quoted Spencer v. Texas, 385 US 554, and said at page 4265:

> "To take such a step would be quite beyond the pale of this Court's proper function in our federal system. It would be a wholly unjustifiable encroachment by this Court on the constitutional power of

332

States to promulgate their own rules of evidence . . .
in their own state courts. . . ."

The question in the instant case, therefore, becomes one of the sufficiency of the evidence of probable cause as required in Illinois. At the hearing on the motion to suppress one of the arresting officers testified that the informer gave him a full description of defendant and specified where defendant would be within the hour. As noted above the officer was questioned about his previous dealings with the informer. A portion of that examination follows:

> "Q. After you went on duty that night, did you have occasion to have a conversation with a special police employee?
> "A. I did.
> "Q. And had you used this special police employee before?
> "A. I have.
> "Q. And how many times have you used that special police employee before this date?
> "A. About four to six times, I would say.
>
> . . . . . .
>
> "Q. And had this person's information proved to be reliable?
> "A. Yes, it has."

There can be no question but that this is within the rule of People v. Durr, 28 Ill2d 308, 192 NE2d 379. Justice Schaefer, in his dissent, set out the officer's testimony regarding the informer's reliability on page 317:

> " 'Q. . . . Now, Officer Webster, on February 22, 1961, did you have an occasion to have a conversation with an individual whom you knew as an informer?
>
> " 'A. Yes, I did.

333

" 'Q. Had you ever had a conversation with that individual previous to this date?

" 'A. Yes, I did.

" 'Q. Had this general information furnished to you in the prior conversation proved to be reliable?

" 'A. Yes.' "

The court in the majority opinion affirmed the conviction in that case holding that the police officer's testimony as to what he was told by an unidentified informer was sufficient probable cause to make an arrest without a search warrant. In that case the court, after discussing many cases, both of the United States Supreme Court, and the Illinois Supreme Court, stated that the court realized that judicial opinion in this area of law is not unanimous, citing opinions in agreement and opinions reaching an opposite conclusion. Nonetheless, the court did affirm the conviction and that case has been followed in People v. McClellan, 34 Ill2d 572, 218 NE2d 97, and in the Illinois Supreme Court opinion in People v. McCray, 33 Ill2d 66, 210 NE2d 161, (affirmed by the United States Supreme Court, supra). In light of these cases we feel that the ruling of the trial court on Bills' motion to suppress was proper.

Defendant next contends that it was error at the trial for the court to admit hearsay testimony by the officer relating to his conversation with the informer. During cross-examination of the police officer defense counsel asked if he had a warrant for Bills' arrest. The answer was, "No." On redirect the State elicited testimony about a conversation between the officer and the informer regarding defendant's possession of narcotics. The court overruled objections to that testimony because the basis for it was laid during cross-examination. We feel that the ruling was proper. Defense counsel by innu-

endo suggested that the arrest was a violation of defendant's constitutional rights. By that he invited further interrogation by the prosecution to show that the officer acted reasonably, and he may not thereafter complain because the witness stated something that may have been detrimental to defendant's case. People v. Hampton, 24 Ill2d 558, 182 NE2d 698.

■■■■ Defendant next contends that the court erred in denying defendant's motion for a change of venue without holding a hearing on the merits of the matter. The motion was accompanied by an affidavit of defendant which specifically alleged prejudice of the trial judge. Although defendant made his motion under the authority of a provision for change of venue found in Ill Rev Stats, 1963, chapter 146, par 18, he now seeks to have the ruling on that motion declared erroneous by virtue of the provision for substitution of judges, found in the Illinois Code of Criminal Procedure. (Ill Rev Stats 1965, c 38, par 114–5(c).) This latter section provides that a motion for substitution of judges for cause may be made at any time, and that a hearing shall be conducted on the merits of the motion. This section, according to the Committee Comments thereon and People v. Myers, 35 Ill2d 311, 220 NE2d 297, incorporates and therefore is to be read and construed with the change of venue section mentioned above. With that in mind, the term "at any time" must fall within the limits set forth in the cases dealing with the venue section. It has been held that a petition for a change of venue after the court has ruled on any matter going to the merits of the case comes too late. People v. Myers, supra; People v. Wilson, 29 Ill 2d 82, 193 NE2d 449; People v. Golson, 32 Ill2d 398, 207 NE2d 68. The Myers case was decided after the effective date (January 1, 1964) of the New Code of Criminal Procedure, and made mention of it, and yet made no change in the existing rule as to timeliness.

Defendant Bills filed his motion for change of venue after the court had ruled on his motion to suppress, which was a ruling on the merits. The motion for change of venue was untimely and therefore was properly denied.

Defendant lastly contends that the State did not prove beyond a reasonable doubt the identification of defendant with or continuity of possession of the narcotic drug. We have examined the record on this point and find the contention to be without merit.

For the foregoing reasons the judgment of conviction is affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.