**People of the State of Illinois, Appellant, v. M. L. Jenkins (Impleaded), Appellee.**

**Gen. No. 51,775.**

First District, Second Division.

October 29, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joseph T. Garlovsky, Assistant State's Attorneys, of counsel), for appellant.

Gerald W. Getty, Public Defender of Cook County, of Chicago, for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal by the People, in accordance with Illinois Supreme Court Rule 604(a) (Ill Rev Stats (1967), c 110A, § 604(a)), from an order of the trial court granting the motion of the defendant for discharge pursuant to the speedy trial provisions of the Illinois Code of Criminal Procedure. See Ill Rev Stats (1965), c 38, § 103–5(a) and (d). The common-law record and transcript of proceedings indicate the following chronology of events.

> JANUARY 25, 1966—defendant was arrested with another man for murder and was never admitted to bail.

> FEBRUARY 21, 1966—defendant was indicted jointly with the other man for murder.

FEBRUARY 28, 1966—defendant was arraigned. He declared his indigency; the public defender was appointed to represent him; a plea of not guilty was entered; and the case was assigned by the chief judge to another judge for trial. On this same day, the trial judge granted the motion of the defendant for a list of witnesses to any statements made by the defendant, said list to be furnished the defendant by the State within 10 days. By order of court, the cause was continued to March 15, 1966, with subpoenas.

MARCH 15, 1966—by order of court, the cause was continued to March 31, 1966, without subpoenas.

MARCH 31, 1966—defendant Jenkins made this statement at the beginning of the hearing: "I am ready for trial. I would appreciate it if you would appoint me another defender." The trial judge, after granting the motion of the codefendant for a severance, appointed private counsel for the defendant Jenkins in place of the Public Defender, and, by order of court, the cause was continued to April 20, 1966, with subpoenas.

APRIL 20, 1966—the defendant appeared in court without counsel and the cause was continued, by order of court, to May 10, 1966, with subpoenas. On April 21, 1966, private counsel filed his written appearance for the defendant.

MAY 10, 1966—on motion of counsel for the defendant, the trial court ordered that the Behavior Clinic of the Circuit Court of Cook County conduct a psychiatric examination of the defendant and report to the court on or before May 31, 1966, regarding the defendant's competency and sanity. The cause was continued, by order of court, to May 31, 1966, with subpoenas.

MAY 31, 1966—report of the Behavior Clinic showing defendant to be competent was filed and the cause was continued, by order of court, to June 22, 1966, with subpoenas.

JUNE 20, 1966—court granted the motion of the defendant to advance the cause from June 22, 1966, to the present date and after a complete hearing, the court granted the motion of the defendant for discharge pursuant to the speedy trial (120 days) provisions of the Illinois Code of Criminal Procedure and entered its order to that effect thereby discharging the defendant from custody. The People appeal from this order.

■ It is settled law in Illinois that the State may appeal from an order discharging the defendant from custody due to the failure of the State to accord him a speedy trial in accordance with the 120-day standard found in Ill Rev Stats (1965), c 38, § 103–5(a). The courts have stated that the granting of such an order of discharge is in substance and effect a dismissal of the indictment, an order from which the State may appeal. See People v. Petropoulos, 34 Ill2d 179, 214 NE2d 765 (1966). The right of the State to appeal in such a case as the instant one has now been codified in Ill Rev Stats (1967), c 110A, § 604(a).

The right of every accused to receive a speedy public trial is guaranteed by art II, § 9 of the Illinois Constitution and is given concreteness and specificity by our legislature in Ill Rev Stats (1965), c 38, § 103–5(a) and (d), which provide as follows:

(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the

417

defendant, by a competency hearing, or by an inter-
locutory appeal.

. . . . . .

(d) Every person not tried in accordance with
subsections (a), . . . of this Section shall be dis-
charged from custody. . . .

It is undisputed in the instant case that the defendant
was never admitted to bail and was not brought to trial
within 120 days following his arrest. However, the State
argues that the "delay was occasioned by the defendant"
in asking for "another defender" on March 31, 1966,
thereby "tolling" the running of the statutory period and
causing it to run anew again from the date to which the
case was continued. We agree. The common-law record
indicates that on March 31, 1966, the cause was con-
tinued by order of court, but the transcript of proceed-
ings shows that on March 31, 1966, the defendant asked
the court to appoint "another defender" which the court
did and continued the case to April 20, 1966, with sub-
poenas.

 It has been decided that a reviewing court may
look at both the transcript of proceedings and the com-
mon-law record so as to do complete justice to both the
State and the defendant in passing upon motions for dis-
charge based upon the speedy trial provisions of our
criminal statutes. Our Supreme Court in People v. Tam-
borski, 415 Ill 466, 473, 114 NE2d 649, 653 (1953), has
said:

". . . If a defendant in a motion for his discharge
under such statute relies upon facts dehors the rec-
ord, such facts must be preserved in the record;
otherwise, the court will not recognize such facts as
existing. (People v. Linder, 262 Ill 223). By the
same token, if the State has a defense dehors the
record to such a motion, the State must present such

facts and preserve them in the record, or the court cannot recognize such facts as existing."

In the instant case the report of proceedings for June 20, 1966, shows us that the State did object to the release of the defendant and did so on the grounds that the defendant had caused a delay on March 31, 1966, by asking for "another defender," which request the court granted. The report of proceedings for March 31, 1966, shows without contradiction that the defendant, in fact, did make such a request. Furthermore, defense counsel ("another defender"), in support of his motion for discharge, marked as a defense exhibit the transcript of proceedings for the March 31, 1966 hearing. Therefore, this reviewing court is duty bound to examine both the common-law record and the transcript of proceedings for March 31, 1966, to determine if the trial court erred in granting the motion of the defendant for discharge, in that the defendant himself had caused the delay on March 31, 1966, by asking the court for an attorney other than the previously appointed public defender.

Our Supreme Court has ruled that such a request by the defendant does "toll" the constitutional right of the defendant to a speedy trial in criminal cases. It stated in People v. Stahl, 26 Ill2d 403, 405, 186 NE2d 349, 350 (1962):

"Furthermore, we note there was a delay in trial occasioned by defendant which would prevent his discharge. Defendant was arrested and committed on August 9, 1959, and although he was not tried until February 1, 1960, the record shows that upon defendant's application the cause was continued from November 5 to November 12, 1959, to permit him to obtain other counsel. Where a defendant requests or agrees to a continuance, it is well established that the four-months' period starts again from

the date to which the case is continued, (People v. Hayes, 23 Ill2d 527; People v. Niemoth, 409 Ill 111,) and the trial here was within the limits of the new four-months' period."

■ The rule in the above cited case was followed by our court in People v. Prowse, 71 Ill App2d 465, 219 NE 2d 1 (1966), wherein we held that the defendant caused the delay by objecting to the Public Defender and demanding an attorney from the Chicago Bar Association. Hence, in the instant case, it follows that the defendant occasioned the delay in his trial on March 31, 1966, by asking the court to appoint different counsel for him. By so doing the defendant effectively contradicted his earlier statement that he was ready for trial. The court granted his motion for different counsel and continued the cause to April 20, 1966. Therefore, the defendant, by his voluntary actions, tolled his right to a speedy trial within 120 days from his arrest and the new statutory period of 120 days began to run from April 20, 1966, the date to which the trial judge continued the case after allowing the request of the defendant for different counsel. Accordingly, the defendant was not entitled to his discharge on June 20, 1966.

Furthermore, another reason is presented in the record which compels us to reverse the order of the trial court discharging the defendant from custody. On May 10, 1966, defense counsel related to the court that after speaking to his client in the County Jail, he had become aware that the defendant had a previous history of mental illness. In addition, the defendant was confined in the psychiatric tier of the County Jail. Accordingly, defense counsel requested that the court order the Behavior Clinic of the Circuit Court of Cook County to conduct a psychiatric examination of the defendant and report to the court regarding its findings. The trial court granted this request and continued the case for (21) days, with subpoenas, on motion of defense counsel.

420

It is to be noted that Ill Rev Stats (1965), c 38, § 103–5(a) does not specifically enumerate a request for a psychiatric examination as being one of the intervening events that would toll the running of the 120-day statutory period required for a speedy trial. Only three conditions are mentioned which would toll such a running; namely, delay occasioned by the defendant, by a competency hearing, or by an interlocutory appeal. (Parenthetically, it may be noted that in August, 1967, our Legislature amended Ill Rev Stats, c 38, § 103–5(a) by adding, among other provisions, a statement that the running of the 120-day statutory period is tolled "by an examination for competency ordered pursuant to Section 104–2 of this Act. . . .")

Although a psychiatric examination is not specifically mentioned in Ill Rev Stats (1965) c 38, § 103–5(a) as being one of the events tolling the running of the statutory period, our Supreme Court in People v. Benson, 19 Ill2d 50, 166 NE2d 80 (1960) construed a predecessor statute found in Ill Rev Stats (1957) c 38, § 748 (discharge for want of prosecution) and held that this absence would not inure to the benefit of the defendant when he presented his motion for discharge. In the Benson case, the State filed a verified motion for a 60-day continuance alleging the following: the defendant had been confined in a mental institution within the recent past; it was necessary to determine whether he had the mental capacity to stand trial; and accordingly, the Behavior Clinic should conduct a psychiatric examination. These allegations under oath were not denied by the defendant nor did he demand a hearing. Consequently, the trial court granted the 60-day continuance and within this period of time the Behavior Clinic filed its report with the trial court indicating that the defendant was competent to stand trial.

On review, our Supreme Court first held that a delay to inquire into the sanity of a defendant was not included

in Ill Rev Stats (1957), c 38, § 748, which gave the State the right to a 60-day continuance upon its showing of due diligence, failure to gain material evidence, but reasonable grounds to believe that such evidence could be obtained at a later date. However, the fact that a continuance for the purpose of conducting a psychiatric examination did not expressly fall within the terms of chapter 38, section 748, did not of itself entitle the defendant to a discharge. As was stated by our Supreme Court at page 55 of 19 Ill2d, page 83 of 166 NE2d:

> "Considering the demands of due process, as outlined in People v. Burson, 11 Ill2d 360, it is our opinion that, in a proper case, a delay necessitated for the purpose of ascertaining a defendant's sanity and mental capacity to be subjected to criminal prosecution is a permissible delay which does not impair or infringe upon the constitutional right to a speedy trial, or violate the statute enacted to implement the constitutional provision. However, a mere arbitrary suggestion of insanity will not suffice, and whether such ground constitutes a good cause for delay in a given case must be a matter resting within the discretion of the trial court, to be resolved from the particular facts and circumstances before it. On review, the ruling will not be disturbed unless the record shows a clear abuse of discretion. People v. Kendall, 7 Ill2d 570."

In the instant case, defendant's counsel himself asked for a psychiatric examination based upon an interview with his client as a result of which he learned that the defendant had had earlier mental problems and was presently confined in the psychiatric tier of the Cook County Jail. This was thus no arbitrary suggestion of insanity or lack of competency presented by defense counsel.

■ When confronted with this request for a continuance presented by his counsel, the defendant did not demand an immediate trial. Nor did he object to being subjected to a psychiatric examination. The record shows that the results of this examination by the Behavior Clinic were filed with the court in a written report which concluded that the defendant was competent to stand trial. The psychiatric examination, requested by defendant's counsel, delayed the case, which had earlier been set for trial with subpoenas, from May 10, 1966, to June 22, 1966, the latter date being the date to which the case was continued by the court after receiving the report of the Behavior Clinic showing the defendant to be competent. This delay was thus occasioned by the defendant consistent with the reasoning in the Benson case. Accordingly, the defendant should not have been discharged from custody on June 20, 1966.

The order of the trial court granting the motion of the defendant for discharge is reversed; the indictment is ordered to be reinstated; and the cause is remanded for further proceedings pursuant to law.

Order reversed and cause remanded with directions.

BURKE, P. J. and McNAMARA, J., concur.