(No. 42574.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HERBERT DAILEY, Appellant.

*Opinion filed March 30, 1972.*

DOUGLAS G. DAVIDSON, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and HENRY A. HAUSER, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the defendant's conviction of murder following a jury trial in the circuit court of Cook County. The court sentenced the defendant to a term of from 30 to 60 years in the penitentiary.

About 5:30 A.M. on September 15, 1968, four young men were returning from a party. As they walked west on 48th Street in Chicago a man stepped out of a doorway and walked west ahead of them. A short time later he turned around, said, "Hold it boys," and fired three shots from a pistol concealed under a newspaper on his arm. One of the bullets struck Clarence Craig, one of the four young men, causing his death. The man that fired the shots escaped.

Two of the young men were able to give very accurate descriptions of the man who had fired the shots. A police artist drew a composite sketch from these descriptions which led the police officers to focus their attention on the defendant. Subsequently his photograph, along with four others, was shown to the two witnesses who had given the description, and separately each witness picked out the defendant's picture from the group of five pictures. The defendant was then arrested and brought to the police station.

When the defendant arrived at the police station he was given the warnings prescribed by *Miranda v. Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602.* The two witnesses were then brought to the police station. The defendant was informed that he was going to be placed in a lineup and was told that he was entitled to have

a lawyer present and if he could not afford an attorney one' would be appointed for him. He answered that he did not need a lawyer. He was also told that he could make a telephone call, but he stated he did not want to call anyone. He was then placed in a lineup with three other men of his race and both witnesses separately identified the defendant as the man who fired the shots.

A pretrial hearing was held on defendant's motion to suppress the identification testimony. The court denied the motion to suppress, and the witnesses identified defendant in court and testified concerning the lineup identification.

The defendant, relying on *United States v. Wade (1967), 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926,* and *Gilbert v. California (1967), 388 U.S. 263, 18 L.Ed.2d 1178, 87 S.Ct. 1951,* contends that he was denied his constitutional right to due process when he was required to participate in a lineup without benefit of counsel. Defendant urges that this court overrule its decision in *People v. Palmer (1969), 41 Ill.2d 571,* wherein it was held that *Wade* and *Gilbert* did not apply to preindictment lineup identification. We find it unnecessary to here review our decision in *Palmer* because the record shows a waiver by the defendant of his right to be represented by counsel at the lineup.

It is unquestioned that before being placed in the lineup the defendant was advised of his right to counsel at the lineup and that if he could not afford an attorney, one would be appointed for him. The question presented is whether the defendant, after being so warned, knowingly and understandingly waived his right to counsel. There is no formalistic requirement as to the method by which the defendant's right to counsel may be waived. "The criterion is not solely the language employed but a combination of that articulation and the surrounding facts and circumstances." *State v. Kremens (1968), 52 N.J. 303, 311, 245 A.2d 313, 317; People v. Higgins (1972), 50 Ill.2d 221.*

The preliminary inquiry as to whether there has been a waiver of the right to counsel is for the trial court and in the making of its determination, as in the case of determining whether or not a statement is voluntarily given, the trial court need not be convinced beyond a reasonable doubt, and the finding of the court on this issue will not be disturbed unless it can be said to be against the manifest weight of the evidence. *Carnley v. Cochran* (1962), 369 U.S. 506, 8 L.Ed.2d 70, 82 S.Ct. 884; *People v. Higgins* (1972), 50 Ill.2d 221; *People v. Nicholls* (1969), 42 Ill.2d 91.

In our case at the conclusion of the pretrial hearing to suppress the evidence of the lineup identification the court stated: "The accused indicated he didn't need a lawyer or didn't want a lawyer and he was offered an opportunity to call one and he didn't do so. That being the case it seems to me there was a waiver ***."

These findings were supported by the testimony of the police officers that after the defendant was informed that he would be placed in a lineup he was also told that he had a right to have an attorney present during the lineup and if he didn't have money to procure an attorney one would be appointed for him. They also testified that he was asked if he wanted to use the telephone and that he stated he did not want to do so. They testified that the defendant stated that he did not need a lawyer at the lineup. One of the officers testified that the defendant made it clear to him that he did not wish to have an attorney present during the lineup.

Defendant now contends that because of his limited education his remarks should not be considered as an understanding waiver of his right to counsel. There is nothing to indicate that the defendant did not understand the warning given to him. In fact, the evidence is to the contrary. After having participated in the lineup in the words of one witness, "He started screaming for an attorney." This conduct reasonably implies that the

defendant understood the nature of his rights. The finding of the trial court that the defendant had waived his right to counsel at the lineup identification is not against the manifest weight of the evidence, and the evidence indicates the waiver was understandingly made.

The defendant contends that aside from the absence of counsel at the lineup identification the same was conducted in such an unnecessarily suggestive manner as to constitute a denial of due process of law, citing *Stovall v. Denno (1967), 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967,* and *People v. Blumenshine (1969), 42 Ill.2d 508.* However, a defendant so claiming must prove that "the confrontation conducted *** was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." *(People v. Nelson (1968), 40 Ill.2d 146, 150,* quoting from *Stovall v. Denno.)* The defendant has presented no evidence to sustain this burden. He now complains that the three other men who were in the lineup with him were all police officers. However, there was nothing about the way these men were dressed that identified them as such. These other men may have been dressed differently from the defendant, but they likewise were dressed differently from each other. The trial judge at the conclusion of the hearing to suppress the identification evidence stated that he could not criticize the lineup in any way with the possible exception that it might have been better if there were more people in it. The defendant has not sustained the burden of proof required by this court in *Nelson.*

Finally, defendant complains of prejudicial remarks of the State's Attorney made during final argument. The defendant did not object to these remarks in the trial court, and the irregularities now complained of are deemed to have been waived. *(People v. Donald (1963), 29 Ill.2d 283.)* Although this court has held that it will consider prejudicial arguments made without objection of counsel if as a result thereof the parties litigant cannot receive a fair

trial *(Belfield v. Coop (1956), 8 Ill.2d 293; People v. George (1971), 49 Ill.2d 372)*, we do not consider the comments of counsel to fall within that rule.

For these reasons the judgment of the circuit court of Cook County will be affirmed.

*Judgment affirmed.*