THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EASTON HALL, Defendant-Appellant.

(No. 57405;

First District (4th Division)—April 18, 1973.

Robert B. Rosen, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Nicholas J. Motherway, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant was found guilty of robbery in a jury trial and sentenced by the trial judge to serve eight to fifteen years in the Illinois State Penitentiary. On appeal defendant contends that he was not found guilty beyond a reasonable doubt and that prejudicial and inflammatory remarks in the closing arguments of the prosecutor denied him a fair trial.

The prosecuting witness, Joseph Leopoldo, testified that on February 20, 1971, about 8:00 P.M., he was in the vicinity of Madison and Racine Streets after visiting a friend. As he was walking west on Madison Street, west of Racine, he was grabbed by two men, thrown to the ground, and robbed of his wallet, containing five twenty-dollar bills.

Officer Robert Murray of the Chicago Police Department testified that he was on duty on February 20, 1971, at about 8:00 P.M. in the vicinity of Madison and Racine; that as he arrived at said intersection, he saw two men hovering over Joseph Leopoldo; that he saw the defendant with one knee on Leopoldo, who was lying on the sidewalk; and that he saw defendant take a wallet from Leopoldo, get up and walk away with the other man who was with him. After observing this, the officer got out of his unmarked car and walked over to Leopoldo, who told him that they took his money and wallet.

Officer Murray followed the defendant who crossed Madison going northbound, and the other man went southbound. When Murray announced his office, the defendant kept walking. He walked faster, almost at a trot. When Murray grabbed his shoulder and put a gun in his back, the defendant threw a wallet to the curb. The officer searched the defendant and found five twenty-dollar bills in the defendant's waistband. The officer then found the wallet, which contained various cards bearing the name of Joseph Leopoldo.

Defendant maintains that Murray testified that he saw the defendant take the wallet, and thereafter the defendant and the other assailant walked towards the officer and passed in front of the officer's car. The officer did not stop him or say anything to him. The record shows that the officer was talking to Leopoldo at the time. Furthermore, the defendant remained within the officer's view and was apprehended shortly thereafter.

■■ Defendant argues also that Murray made no attempt to stop the defendant for questioning and bring him back to where Leopoldo was located. In his brief defendant says: "The fact that Murray made no attempt to do so certainly vitiates his testimony that he saw the defendant take a wallet from Leopoldo's prostrate body." We do not agree. We are mindful of the fact that the defendant was arrested near the site of the crime. The victim's stolen wallet was found near the defendant within a short time after the robbery. The money in the wallet, five twenty-dollar bills, was found on the defendant. There is sufficient evidence from which the jury and the trial judge could find beyond a reasonable doubt that the defendant took part in this robbery.

■■ Defendant also maintains that the prosecutor's references to "crime in the streets" constituted an emotional appeal to the jurors designed to arouse their prejudice against the defendant, denying the defendant his right to a fair trial. In the first place, there was no objection made at the trial to this portion of the prosecutor's argument, now claimed to be unfair. We agree that prejudicial remarks by counsel should be considered by the courts of review despite their not having been objected to at the trial. Illinois Supreme Court Rule 615 provides that on appeal:

> "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill. Rev. Stat., ch. 110A, par. 615(a) (1971).

The inflammatory remarks in closing argument to the jury, which defendant claims on appeal constituted reversible error, were as follows:

> "We enforce the laws in the courtroom so people can walk the streets and not have to worry about being set upon."
> * * *
> "A crime happens every day, it's what makes the streets of our community unsafe to walk on at night."
> * * *
> "There is a crime called robbery. Citizens of this community should be allowed to walk the streets of their community and not have to worry about such conduct and if other people in his com-

munity don't care to abide by that rule they are punished. This is what we are here for today."

\* \* \*

"Based on that evidence we are asking you to find this man guilty of robbery as charged in the indictment. If you want to condone this kind of conduct in your community then you can find him not guilty."

\* \* \*

"\* \* \* If you want to condone this kind of conduct in your community then you can find him not guilty."

■■ Defendant contends that "law and order" and "crime in the streets" are emotional issues affecting the public and were not issues involved in this appeal. As we have said in *People v. Olivier*, 3 Ill.App.3d 872, 874:

"It is also clear that the prosecution may not bring forth evidence which has no tendency to prove the issue being tried, but only serves to cause the jury to believe a defendant to be a bad person, and hence likely to be guilty of the crime charged. Evidence of this nature has been repeatedly and consistently condemned. (*People v. Lewis*, 313 Ill. 312, 145 N.E. 149; *People v. Newman*, 261 Ill. 11, 103 N.E. 589.) On the other hand, evidence which is relevant and otherwise admissible need not be excluded because it may also have a tendency to prejudice a defendant. (*People v. Jackson*, 22 Ill.2d 382, 176 N.E.2d 803.) A reading of all the testimony in the record in the case at bar leads us to the conclusion that there is no merit to defendant's contention."

In *People v. Murdock*, 3 Ill.App.3d 746, 753, the defendant on appeal objected to the characterization of him and his associates as "bums" and "thugs." The Appellate Court said:

"The rule is well established that the prosecuting attorney may reflect unfavorably upon an accused, denounce his wickedness, dwell on the evil results of crime and even indulge in invective in urging a fearless administration of the law, when such is based upon the evidence and legitimate inference drawn therefrom."

■■ We find no prejudice resulting to the defendant in the instant case. The argument of the prosecutor was a "very mild, almost philosophical, comment about the counsequences and results of crime."

For the foregoing reasons the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.