THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MAJOR JAMES BROWN, JR., Defendant-Appellant.

(No. 12278;

Fourth District—June 27, 1974.

Francis J. Davis, of Auler Law Offices, of Champaign, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, and Raul Villalobos, Senior Law Student, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Major James Brown, Jr., was tried before a jury, convicted of burglary and sentenced 6 to 18 years in the penitentiary.

At approximately 1:30 A.M., a University of Illinois janitor observed two subjects in the vicinity of the burglarized premises; he went to a phone to call the police, and while making the call, observed one of the subjects inside the store. Other University of Illinois, Urbana and Champaign police officers arrived at the scene shortly thereafter. Nine University of Illinois and Champaign police officers testified to the discovery and arrest of the defendant inside the premises.

The defendant's version of his arrest was in direct conflict with the State's evidence. He testified that he was sitting in his parked car waiting for a friend, that he was there apprehended by the police who looked at his driver's license. He was searched, handcuffed and taken into the building by the police. He stated that he had never been in the building before. On direct examination by his attorney defendant testified to a conviction for robbery in 1960, and in 1967 for forgery. He also stated that he was 31 years of age and had had "trouble with the law" for some 13 years. Defendant was on parole from the forgery conviction at the time of the commission of the offense here in question.

The defendant's version of his arrest was supported by three witnesses, Herschel Long, his sister Donna Rae Long and Arbsie Hunt. They testified that they were outside the House of Chin, a restaurant in the vicinity of the scene of the burglary, and observed the defendant being taken by the police between the burglarized premises and another building after being handcuffed. In rebuttal one Sharon Weisman testified that she knew Donna Rae Long, and that Donna had called her on the second day of defendant's trial, stating that her fiancé had "* * * been in on something of a robbery" and requested that Sharon testify that she too had been outside the House of Chin and saw the defendant being "* * * drug out of the car and into the store." Weisman testified that she had received several calls from Donna Long asking her to testify falsely at Brown's trial. She further testified that she was not with Donna Long on the evening in question and did not know anything about the burglary.

■■ Defendant urges that the closing argument was so inflammatory and prejudicial that it deprived defendant of a fair trial. This contention

is centered mainly upon the State's Attorney's characterization of the testimony of the defendant and his three witnesses as "perjured testimony" which was "blatant, completely without remorse, effort at perjury" which "you as jurors cannot condone" and which "was actively solicited on behalf of the defendant". Defendant made no objections to these comments of the State's Attorney. It is also clear that perjury was indeed being committed in the trial. On one side are nine police officers testifying to the discovery and arrest of the defendant inside the building and three defense witnesses testifying to his arrest outside the building, and his being taken into the building by the officers, in support of defendant's own testimony. This conflict was direct, not predicated on opinion or surmise, but rather upon personal observation in each instance. Failure to object to statements made during closing arguments is deemed a waiver of irregularities contained therein (*People v. Dailey*, 51 Ill.2d 239, 282 N.E.2d 129), although comments not objected to will be considered if as a result thereof the defendant is deprived of a fair trial. *People v. Donald*, 29 Ill.2d 283, 194 N.E.2d 227; *People v. Hall*, 11 Ill.App.3d 670, 297 N.E.2d 377.

The trial judge is in a far better position than this court to determine the prejudicial effect, if any, of remarks made during argument, and unless there is a clear abuse of discretion his ruling should not be disturbed. (*People v. Smothers*, 55 Ill.2d 172, 302 N.E.2d 324.) In denying defendant's post-trial motion in this case the trial judge specifically considered defendant's contentions concerning the closing argument and denied the motion. We find no reason for disturbing that ruling.

■■■ Defendant also urges that his cross-examination of the witness Weisman was unduly restricted. The extent of cross-examination of witnesses rests in the discretion of the trial court and unless that discretion has been clearly abused to the manifest prejudice of the defendant a reviewing court will not interfere with the trial judge's ruling. (*People v. Gallo*, 54 Ill.2d 343, 297 N.E.2d 569.) The record discloses that counsel was permitted to go into sufficient detail to demonstrate to the jury possible motive for the witness to testify falsely. We therefore find no merit in this contention.

Lastly defendant urges that the court "* * * erred in not considering probation as a possible sentence in this cause." This contention is bottomed on the premise that the trial judge mistakenly assumed that the defendant was ineligible for probation by reason of his commission of the burglary while on parole from the prior forgery conviction. On March 1, 1973, hearing was had on defendant's post-trial motion. On that occasion the trial judge denied the motion and ordered a presentence investigation and set the hearing on sentencing for March 22, 1973.

At this juncture the State's Attorney moved to revoke defendant's bond and stated that the People would oppose probation. The trial judge then asked the following question: "He would be ineligible, wouldn't he, for probation?", and added, "Committing a felony while on probation at least under the new—." The sentencing hearing was then conducted some 3 weeks later, on March 22, 1973. There is nothing in the record of those proceedings which even remotely suggests that the trial judge entertained a belief that the defendant was ineligible for probation. His question at the close of the hearing on the post-trial motion was just that, a question, not a statement of fact. There is no merit to this contention.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.